UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

YVONNE A. BARTLETT,

                      **Plaintiff,**

                                                                                5:03-CV- 0384
                                                                                    (NAM/GJD)

v.

HUGO & POLLACK, LLP, and
MICHAEL R. HUGO

                      **Defendants.**
_____

APPEARANCES:                                            OF COUNSEL:

Shanley Law Offices                                 P. Michael Shanley, Esq.
283 West Second Street
Oswego, New York 13126
For Plaintiff

Friedlander & Friedlander Law Firm         William S. Friedlander, Esq.
425 Park Avenue
Waverly, New York 14892-0109
For Defendants

**Hon. Norman A. Mordue, D.J.:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      Yvonne Bartlett ("plaintiff"), commenced a legal malpractice action against Hugo & Pollack, LLP and Michael R. Hugo ("defendants") for failure to advise her of her former attorneys' alleged failure to file her toxic tort claim within the applicable statute of limitations. Plaintiff claims that as a result of this failure she is precluded by the statute of limitations from pursuing a legal malpractice claim against her former attorneys. Plaintiff also asserts that her previous law suit had been dismissed as a result of defendants' failure to adequately undertake

her legal representation. Defendants maintain that plaintiff's claims are without merit and move for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, seeking to dismiss all of plaintiff's claims. For the reasons set forth below, the Court grants defendants' motion for summary judgment.

## II.     FACTUAL BACKGROUND

In April 1996, plaintiff retained the services of the law firm of Shapiro & Shapiro to represent her in action against Moore Business Forms, Inc. ("MBF") for personal injuries she allegedly sustained as a result of exposure to carbonless copy paper manufactured by MBF. In September 1996, Shapiro & Shapiro commenced an action on behalf of plaintiff in the New York State Supreme Court. The action was subsequently removed to the United States District Court for the Northern District of New York.

In summer of 1997, plaintiff learned that several of her co-workers had commenced actions for personal injuries against MBF and that they were represented by defendants. Plaintiff contacted defendants requesting their representation with respect to her claim against MBF. Defendants agreed to undertake plaintiff's representation and plaintiff executed a Retainer Agreement as well as a form for substitution of attorneys.[1]  As a result, on July 14, 1997, plaintiff attempted to discharge Shapiro & Shapiro as her attorneys of record and requested that they forward her file to defendants.

On July 1, 1999, attorneys for MBF filed a motion for summary judgment, seeking to dismiss plaintiff's case. On August 3, 1999, defendants filed a memorandum of law and a statement of material facts on behalf of plaintiff in opposition to MBF's motion for summary judgment. Plaintiff alleges that defendants did not inform her that MBF's attorneys filed a motion for summary judgment and that in preparing the response to MBF's motion defendants

---

[1] The formal substitution of attorneys from Shapiro & Shapiro to defendants did not occur until June 15, 1999, per Order of the Honorable Norman Mordue, District Court Judge for the Northern District of New York.

failed to seek her assistance and to submit supporting affidavits, which, according to plaintiff, could have defeated MBF's motion for summary judgment. Defendants deny these allegations.

On March 30, 2000, the District Court for the Northern District of New York dismissed plaintiff's action against MBF on the grounds that the statute of limitations for asserting the claim in question had expired. Plaintiff alleges that defendants failed to inform her of the disposition of the case and that she learned of the dismissal three years later as a result of her own investigation. Furthermore, plaintiff alleges that defendants never advised her that they would not be appealing the matter on her behalf, nor did they suggest that she retain a new counsel for that purpose.

Defendants dispute these allegations and move for summary judgment dismissing the complaint. Defendants maintain that they have no liability to plaintiff because she could not have pursued a legal malpractice claim against Shapiro & Shapiro because the law firm of Shapiro & Shapiro was retained only after the statute of limitations had expired.

In opposition plaintiff advances the following arguments: (1) plaintiff could have pursued an action for malpractice against her prior counsel, Shapiro & Shapiro and, therefore, defendants are liable to plaintiff; and (2) an issue of fact exists with respect to whether defendants exercised a reasonable care and diligence in opposing MFB's motion for summary judgment.

## III. DISCUSSION

### A. Standard

To prove a claim of legal malpractice under New York State law the plaintiff must demonstrate that (1) there existed an attorney-client relationship giving rise to a duty of care; (2) the attorney was negligent in breaching that duty of care; (3) the attorney's negligence was the proximate cause of plaintiff's damages; and (4) but for the alleged malpractice the plaintiff would have been successful in the underlying action. *See Achtman v. Kirby, Mcinerney & Squire, LLP*, 336 F.Supp.2d 336, 339 (S.D.N.Y. 2004).

To succeed on a summary judgment in a legal malpractice action, defendant must present evidence in an admissible form establishing that plaintiff is unable to prove at least one of the elements of a malpractice cause of action. *See Crawford v. McBride*, 755 N.Y.S.2d 892, 892 (2d Dep't 2003). The defendant also has the burden of showing that no material issue of fact exists. *See Hatfield v. Herz*, 1109 F. Supp.2d 174, 179 (S.D.N.Y. 2000). However, "[c]onclusory, self-serving statements with no expert or other evidence which would tend to establish" that the plaintiff is unable to prove an element of a legal malpractice claim is insufficient to satisfy the defendant's burden of proof. *See Estate of Nevelson v. Carro*, 686 N.Y.S.2d 404, 406 (1st Dep't 1999).

To survive a motion for summary judgment in a legal malpractice action, plaintiff must (1) offer proof in the form of expert opinion evidence to establish the standard of professional care and skill that defendant allegedly failed to meet and (2) offer evidence to show that there are material issues of fact as to the elements of malpractice which defendant claims plaintiff is unable to prove. *See Estate of Nevelson*, 686 N.Y.S.2d 404 at 405-406 (1st Dep't 1999). With this standard in mind, the Court now turns to the contentions of the parties.

**B.     Defendants' alleged failure to advise plaintiff of malpractice claim against Shapiro & Shapiro**

Plaintiff alleges that defendants were negligent in failing to advise her of her former attorneys' alleged failure to file her toxic tort claim within the applicable statute of limitations. Plaintiff claims that as a result of this failure, she is precluded by the statute of limitations from pursuing a legal malpractice claim against her former attorneys. In order for plaintiff to succeed on this particular claim, plaintiff must demonstrate that at the time she consulted Shapiro & Shapiro with respect to her toxic tort claim, the claim (1) was still viable and (2) that it had expired as a result of Shapiro & Shapiro's failure to file it in a timely manner. In other words,

4

plaintiff must show that her claim expired between April 7, 1996, the time she retained Shapiro & Shapiro to represent her in a toxic tort action against MBF, and September 5, 1996, the time Shapiro & Shapiro had actually filed her claim with the New York State Supreme Court.

The statute of limitation for toxic tort causes of action is set forth in N.Y.C.P.L.R. 214-c, which provides as follows:

> 2. [T]he three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.

In the previous decision of *Bartlett v. Moore Business Forms, Inc.*, *2000 WL 362022 (N.D.N.Y. 2000),* this Court determined that plaintiff's toxic tort claim had accrued, at the latest, on March 26, 1993. By this date, plaintiff had been experiencing virtually all of her symptoms for a substantial period of time and had sought medical help for them from her treating physician, who attributed them to a single condition, chemical sensitivities disorder. As mentioned above, the statute of limitations for assertion of toxic tort claims is three years. Accordingly, plaintiff's claim expired on March 26, 1996. Plaintiff, however, had not retained Shapiro & Shapiro to represent her in the toxic tort action until April 7, 1996 – after the statute of limitations had expired.

It is a well-established principle of law that an attorney who fails to file a claim as to which the statute of limitations had expired before the client hired the attorney is not liable for legal malpractice. *See Santamarina v. Citrynell*, 609 N.Y.S.2d 902, 905 (1st Dep't 1994); *see also Lifshitz v. Brady*, 748 N.Y.S.2d 605, 606 (2d Dep't 2002). Since plaintiff retained the law firm of Shapiro & Shapiro to represent her in the toxic tort action only after the statute of limitations on

that claim had expired, the law firm is not liable to plaintiff for legal malpractice based on the failure to timely file the claim under a regular statute of limitations.

Shapiro & Shapiro, however, can still be liable for legal malpractice to plaintiff, if plaintiff was entitled to an extended statute of limitations and Shapiro & Shapiro failed to file her toxic tort claim within the extended time. Plaintiff seeks to benefit from N.Y.C.P.L.R 214-c(4) which contains an exception to the three-year limitations period in cases where plaintiff was aware of the injury itself but there was a justifiable delay in the discovery of its cause. Specifically, Section 214-c(4) provides in pertinent part as follows:

> [W]here the discovery of the cause of the injury is alleged to have occurred less than five years after discovery of the injury or when with reasonable diligence such injury should have been discovered, whichever is earlier, an action may be commenced or a claim filed within one year of such discovery of the cause of the injury; provided, however, if any such action is commenced or claim filed after the period in which it would otherwise have been authorized pursuant to subdivision two or three of this section the plaintiff or claimant shall be required to allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized and that he has otherwise satisfied the requirements of subdivisions two and three of this section.

In her affidavit, dated September 10, 2004, plaintiff states that "it wasn't until late September 1993 that [p]laintiff first knew that her physical complaints were caused by repeated exposure to carbonless copy paper manufactured by Defendant Moore and utilized by her employer at Deponent's place of business." Plaintiff's Affidavit ¶18. Thus, plaintiff admits that information sufficient to ascertain the cause of her injury had been available to her prior to the expiration of her claim under Section 214-c(2) on March 26, 1996. Specifically, the information pertaining to the cause of plaintiff's injury had been available to plaintiff as early as September 1993, or two and a half years prior to the expiration of her toxic tort claim. Accordingly, this Court finds that,

6

as a matter of law, plaintiff was not entitled to an extended statute of limitations in her action against MBF.

Furthermore, if the Court was to permit plaintiff to proceed under 214-c(4), the Court would have to shorten rather than to extend plaintiff's statute of limitations. To benefit from section 214-c(4), plaintiff must file his/her claim within one year from discovery of the cause of the injury. Plaintiff admits to discovering the cause of her injury in late September 1993. Thus, her claim should have been filed by late September 1994 - an earlier filing date than the one mandated by 214-c(2), i.e., March 26, 1996.

Since plaintiff retained Shapiro & Shapiro to represent her in the toxic tort action only after the statute of limitations on that claim had expired and since plaintiff was not entitled to proceed under the extended statute of limitations in her prior action against MBF, the Court finds that, as a matter of law, plaintiff does not have a legal malpractice claim against Shapiro & Shapiro for failure to timely file her toxic tort claim. Accordingly, defendants did not breach their duty of care by failing to advise plaintiff to file a claim for legal malpractice against the law firm of Shapiro & Shapiro because no legal malpractice claim existed against the firm.

**C.     Defendants' alleged negligence in opposing MBF's motion for summary judgment**

To prove a claim of legal malpractice under New York State law the plaintiff must demonstrate that (1) there existed an attorney-client relationship giving rise to a duty of care; (2) the attorney was negligent in breaching that duty of care; (3) the attorney's negligence was the proximate cause of plaintiff's damages; and (4) but for the alleged malpractice the plaintiff would have been successful in the underlying action. *See Achtman v. Kirby, Mcinerney & Squire, LLP*, 336 F.Supp.2d 336, 339 (S.D.N.Y. 2004).

In the present case, plaintiff cannot demonstrate that but for the alleged malpractice of defendants she would have been successful with respect to her toxic tort claim against MBF. As explained above, by the time plaintiff commenced her action, the statute of limitations on her toxic tort claim had expired. Accordingly, regardless of defendants' conduct, plaintiff could not have been successful with respect to her claim.

## IV.  CONCLUSION

For the forgoing reasons it is hereby

ORDERED that defendants' motion for summary judgment is granted; and it is further

ORDERED that the complaint is dismissed in its entirety.

IT IS SO ORDERED.

Dated: June 16, 2005

Syracuse, New York

Norman A. Mordue
U.S. District Judge